IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JENNIFER PARKER | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:23-CV-00139 |
| | § | |
| STATE FARM MUTUAL | § | |
| AUTOMOBILE INSURANCE | § | |
| COMPANY | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, JENNIFER PARKER, complaining of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("STATE FARM"), Defendant herein, and for cause of action would respectfully show the following:

**Parties**

1. Plaintiff is a resident citizen of Galveston County, Texas.

2. Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY is a foreign business entity doing business in the State of Texas and has been served.

**Jurisdiction & Venue**

3. The present Court has personal jurisdiction over the parties as the collision occurred in Galveston County, Texas. The Court has subject matter jurisdiction as the amount in controversy is within the limits of the Court, and no other court has exclusive jurisdiction.

1

4. Venue is proper in the present forum as this cause of action accrued in whole or substantial part in Galveston County, Texas, pursuant to Tex. Civ. Prac. & Rem. Code § 15.002.

## Facts

5. This lawsuit arises out of a motor vehicle collision that occurred on or about September 14, 2018. On that date, JENNIFER PARKER, was operating a vehicle that was involved in a hit and run collision.

## Negligence of Unknown Driver

6. The unknown driver was negligent on the occasion in question and proximately caused Plaintiff's injuries and damages by:

    a) Failing to keep such a lookout as would have been kept by a person exercising ordinary care and prudence under the same or similar circumstances.

    b) Failing to control the speed of the vehicle as necessary to avoid colliding with another person or vehicle on or entering the highway, and failing to use due care, which violated the applicable provisions of the Transportation Code, § 545.351, V.A.T.S., and constituted negligence per se.

    c) Failing to make such a timely and proper application of the brakes as would have been made by a person exercising ordinary care and prudence under the same or similar circumstances.

    d) Failing to make such turning movements of the vehicle in question as would have been made by a person exercising ordinary care and prudence under the same or similar circumstances.

  e) Traveling at a faster rate of speed than a person exercising ordinary care and prudence under the same or similar circumstances, and in excess of the limits established for the roadway in question, which violated the applicable provisions of the Transportation Code, §545.352, V.A.T.S., and constituted negligence per se.

  f) Driving a vehicle in wilful or wanton disregard for the safety of persons or property, which constituted reckless driving, and violated the applicable provisions of the Transportation Code, § 545.401 V.A.T.S., and constituted negligence per se.

  g) Failing to keep a safe distance between her and the vehicle in front of her.

7. Each and every of the above collectively and/or singularly were a proximate cause of the collision in question and the resulting injuries and damages to Plaintiff.

## Causes of Action

### *UNINSURED MOTORIST CLAIM*

8. At the time of the collision made the basis of this suit, Defendant, STATE FARM, had in full force and effect policies of insurance on the vehicle in question and/or the occupants therein. Plaintiff may be covered under the policy of insurance, which provides that, in the event of injury as a result of a vehicular collision or by a vehicle being driven by an uninsured or underinsured motorist, Defendant, STATE FARM, would pay to the policy limits an extent of damages proximately caused from the collision (the "Policy"). The vehicle operated by the unknown individual was effectively uninsured at the time of this incident.

9. By letter dated December 11, 2018, STATE FARM was put on notice that Plaintiff was involved in a hit and run collision. The Policy issued by Defendant, STATE FARM, confirms the vehicle occupied by Plaintiff is an insured vehicle as that term is understood in the Policy and there was no insurance coverage available through the owner or operator of the vehicle who struck your Plaintiff causing substantial damages to her. Accordingly, Plaintiff sues pursuant to the uninsured motorists provisions of such policy of insurance for the available policy limits.

*A. Breach of Contract*

10. Plaintiff repeats, incorporates by reference, and re-alleges herein each and every allegation contained in the preceding paragraphs of this Petition as if fully set forth at length herein.

11. For good and valuable consideration, STATE FARM agreed to insure the vehicle that Plaintiff was operating in the event she sustained damages at the hands of an uninsured driver, among other things. STATE FARM's obligations in this regard are set forth in the Policy, which was in full force and effect at all times relevant herein.

12. The vehicle which Plaintiff was operating is and at all relevant times was insured under the Policy.

13. Plaintiff has performed all covenants and conditions required of her under the Policy, with the exception of those covenants or conditions that have been excused, waived or prevented by STATE FARM' breach of the Policy and other wrongful conduct.

14. Plaintiff has paid and STATE FARM has received timely and full payment of all premiums due under the Policy, which insured the vehicle that Plaintiff was driving at the time of the collision.

15. STATE FARM has breached its contractual duties to the Plaintiff under the Policy, through the following acts and omissions, among others:

    (a) Failing or refusing to acknowledge that Plaintiff's damages are fully covered under the Policy;

    (b) Failing to pay damages covered under the Policy;

    (c) Undertaking numerous actions or failing to take action necessary to fulfill its obligations to Plaintiff in a deliberate effort to avoid such obligations; and

    (d) Forcing Plaintiff to bring this action to obtain the benefits to which they are entitled under the Policy.

16. As a direct and proximate result of STATE FARM breach of the Policy as set forth herein, Plaintiff has suffered and will continue to suffer monetary damages in an amount equal to the sums necessary to treat her injuries and replace her loss of wages. Plaintiff is further entitled to recover reasonable attorneys' fees and expenses pursuant to section 38.001 et seq. of the Texas Civil Practice & Remedies Code.

*B. Violations of Texas Insurance Code*

17. Plaintiff repeats, incorporates by reference, and realleges herein each and every allegation contained in the preceding paragraphs of this Petition as if fully set forth at length herein.

18. STATE FARM violated the Texas Insurance Code by engaging in various practices including, but not limited to the following:

    (a) Misrepresenting to the Plaintiff material facts or policy provisions relating to the coverage at issue;

    (b) Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which STATE FARM' liability has become reasonably clear;

    (c)    Failing to provide coverage for claims with respect to which STATE FARM duty has become reasonably clear;

    (d)    Misrepresenting an insurance policy by making an untrue statement of fact;

    (e)    Failing to state a material fact that is necessary to make other statements made not misleading;

    (f)    Making a statement in such a manner as to mislead a reasonably prudent person to a false conclusion of material fact;

    (g)    Making a material misstatement of law;

    (h)    Failing to disclose any matter required by law to be disclosed; and/or

    (I)    Failing to timely pay claims.

19.    As a result of STATE FARM's violations of the Texas Insurance Code, STATE FARM has waived or is estopped from raising policy defenses, if any.

20.    As a result of STATE FARM's violations of the Texas Insurance Code, Plaintiff has been damaged in an amount of at least the total policy limits. STATE FARM's acts and/or omissions were committed willfully and knowingly. Accordingly, STATE FARM is liable for trebled damages under § 541.152 together with reasonable attorneys' fees and costs. As a further result of STATE FARM's violations of § 542, STATE FARM owes Plaintiff statutory interest on the amount of the claim as damages, and Plaintiff's reasonable attorneys' fees and costs.

*C. Breach of the Duty of Good Faith and Fair Dealing*

21.     Plaintiff repeats, incorporate by reference, and reallege herein each and every allegation contained in the preceding paragraphs of this Petition as if fully set forth at length herein.

22.     STATE FARM breached the duty of good faith and fair dealing that it owed to the Plaintiff as there is no reasonable basis for STATE FARM's failure to pay the covered damages under the Policy.  STATE FARM is aware that no reasonable basis exists for such failure or delay.  STATE FARM has further breached its fiduciary duties by taking positions contrary to representations concerning the meaning and interpretation of the Policy's language which were made by STATE FARM and/or its agents.

23.     As a result, Plaintiff has suffered damages and will continue to suffer damages in the form of lost benefits to which Plaintiff is justly entitled under the Policy including, but not limited to, damages exceeding the coverage available from the negligent driver.

*D. Unconscionable Conduct*

24.     Plaintiff repeats, incorporates by reference, and realleges herein each and every allegation contained in the preceding paragraphs of this Petition as if fully set forth at length herein.

25.     STATE FARM is also guilty of unconscionable conduct in violation of DTPA §§ 17.45(5) and 17.50(a)(3).  This conduct has been a producing cause of Plaintiff's actual damages.

*DECLARATORY JUDGMENT ACTION*

26.     Plaintiff would further show that at the time of such automobile collision, she was covered by State Farm's insurance Policy.  All conditions precedent have been performed or have occurred.  Despite being notified of the automobile collision and the UIM claim, and being provided with all the information reasonably necessary to pay the claim, Defendant State Farm has not paid benefits pursuant to its Policy with Plaintiff.

27.     Based on the foregoing facts, and pursuant to the policy of insurance in force and effect between Plaintiff and State Farm at the time of the wreck, Plaintiff seeks a declaratory judgment pursuant to Tex. Civ. Prac. & Rem. Code Ch. 37 that she is entitled to recover from State Farm her damages resulting from the motor vehicle collision that occurred on or about September 14, 2018, that those damages fall within the coverage afforded under Defendant State Farm's Policy, and specifying the amount of damages, attorney's fees, interest, and court costs Defendant State Farm is obligated to pay.

**General Damages of JENNIFER PARKER**

28.     At the time of the accident made the basis of this suit, Plaintiff, JENNIFER PARKER, was 45 years of age.

29.     As a direct and proximate result of Defendant's negligence, Plaintiff, JENNIFER PARKER, has sustained mental and physical pain and suffering, mental anguish, physical impairment, loss of household services and loss of capacity to perform household services, lost wages in the past and loss of earning capacity in the future, all of which are in reasonable probability permanent.

30.     From the date of the accident in question until the time of trial of this case, the elements of damages to be considered separately and individually for the purpose

of determining the sum of money that will fairly and reasonably compensate Plaintiff, JENNIFER PARKER, for each element are as follows:

    a.    The physical pain that JENNIFER PARKER has suffered from the date of the accident in question up to the time of trial.

    b.    The mental anguish that JENNIFER PARKER has suffered from the date of the accident in question up to the time of trial.

    c.    The damages resulting from the physical impairment suffered by JENNIFER PARKER and the resulting inability to do those tasks and services that he ordinarily would have been able to perform.

    d.    The loss of any earnings sustained by JENNIFER PARKER from the date of the incident in question up to the time of trial.

31.    From the time of trial of this case, the elements of damages to be considered which Plaintiff, JENNIFER PARKER, will sustain in the future beyond the trial, are such of the following elements that are shown by a preponderance of the evidence upon trial of this case:

    a.    The physical pain that JENNIFER PARKER will suffer in the future beyond the time of trial.

    b.    The mental anguish that JENNIFER PARKER will suffer in the future beyond the time of trial.

    c.    The damages resulting from the physical impairment that JENNIFER PARKER will continue to suffer in the future and the resulting inability to do those tasks and services that he ordinarily would have been able to perform in the future beyond the time of trial.

      d.      The loss or reduction in Plaintiff's earnings or earning capacity in the future caused by the injuries sustained in the incident in question.

32.      Because of all of the above and foregoing, Plaintiff, JENNIFER PARKER, has been damaged and will be damaged in an amount within the jurisdictional limits of the Court.

### Medical Damages of Plaintiff JENNIFER PARKER

33.      Further, as a direct and proximate result of Defendant's negligence, it was necessary for Plaintiff to secure medical and hospital services, including drugs and other medication, and it is reasonably probable that he will require additional medical hospital and drug services in the future beyond this date.

### Property Damages of JENNIFER PARKER

34.      Further, as a direct and proximate result of Defendant's acts and/or omissions, Plaintiff's vehicle was damaged. Plaintiff here now sues for an additional sum within the jurisdictional limits of the Court for repair, replacement and/or diminution in value damages.

### T.R.C.P. 47(c)

35.      Pursuant to T.R.C.P. 47(c), Plaintiff herenow seeks monetary relief over $200,000.00 but not more than $1,000,000.00.

### ATTORNEY FEES

36.      As a result of Defendant State Farm's conduct, Plaintiff has been forced to retain an attorney to seek justice in this Court. Accordingly, Plaintiff is entitled to recover

his costs and reasonable and necessary attorney's fees incurred in this action pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 37.009.

## Prejudgment Interest

37. In addition to the above and foregoing allegations, Plaintiff further pleads that she is entitled to prejudgment interest at the highest rate allowed by law.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon final hearing, Plaintiff recover of and from the Defendant a sum within the jurisdictional limits of the Court, prejudgment interest, costs of Court, attorneys' fees and for such other and further relief, at law and in equity, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

**THE TODD LAW GROUP, PLLC**

By: /s/ *Jeff Todd*

**Jeffrey N. Todd**
State Bar No. 24028048
12929 Gulf Freeway, Suite 301
Houston, Texas 77034
832 243-4953
713 583-7818 Facsimile
jeff@jefftoddlaw.com

**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing has been forwarded to all known attorneys of record as reflected below, on this the 29th day of August, 2023 via one of the methods indicated:

**Christopher A. Lotz**
**LOTZ LAW FIRM PLLC**
**4511 Yoakum Boulevard, Suite 200**
**Houston, Texas 77006**
**713 654-5801 FAX**
**clotz@lotzlawfirm.com**
**CM/RRR, Facsimile, Efile and/or Email**

                                                /s/  *Jeffrey N. Todd*
                                                Jeffrey N. Todd