**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| JENNIFER PARKER, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:23-cv-00139 |
| | § | |
| STATE FARM MUTUAL | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

This Opinion and Order provides rulings on competing motions in limine by Plaintiff Jennifer Parker ("Parker") and Defendant State Farm Mutual Automobile Insurance Company ("State Farm"). *See* Dkts. 22-1 and 22-2. I will also exercise my discretion and abate Parker's breach of contract claim sua sponte.

Before analyzing the motions in limine, let me emphasize that motion in limine rulings are simply preliminary evidentiary decisions. It is well-settled that motion in limine rulings "are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000). At trial, a party seeking to introduce evidence prohibited by these rulings must approach the bench and seek leave of court prior to offering the disputed evidence.[1]

### A.   PARKER'S MOTION IN LIMINE

Parker has a whopping 60 topics she asks me to prohibit State Farm from addressing without first seeking leave to do so outside the presence of the jury.

---

[1] As I have observed: "Although it is common in civil cases for each party to file a motion in limine prior to trial, I am not a fan of the practice. In my humble opinion, and in the view of a growing number of federal judges, very few issues are truly appropriate subjects for a motion in limine." *Ugarte v. Mid-Am. Metal Roofing & Siding Installed, LLC*, No. 3:20-cv-00080, 2021 WL 6327683, at *1 (S.D. Tex. Oct. 19, 2021) (quotations omitted).

To start, I can easily dispose of Nos. 8, 27, 46, and 56, which I understand have been withdrawn. A number of items have been agreed upon and are, therefore, granted: Nos. 1–5, 7, 9–14, 15 (inserting "Federal" instead of "Texas"), 17–22, 24–26, 29, 35–40, 42–45, 47–54, and 57. Any items granted apply equally to Plaintiff as to Defendant.[2] State Farm does not address No. 31, so that item is granted as well.

I now turn to those items to which State Farm has lodged objections.

**No. 6.** Parker asks me to prohibit State Farm from mentioning "[s]ervices furnished without charge." Dkt. 22-1 at 2. That request is denied. As State Farm notes, "medical expenses have to be actually paid or actually incurred to be recoverable, and cannot include charges that were written off." Dkt. 35 at 1 (citing *Haygood v. De Escabedo*, 356 S.W.3d 390, 398–99 (Tex. 2011); TEX. CIV. PRAC. & REM. CODE § 41.0105). I will thus allow State Farm, without first having to approach the bench, to inquire whether certain medical bills have been written off.

**No. 16.** Parker asks me to limit State Farm's retained experts' testimony "to the opinions and conclusions which are contained in his/her/their report(s) and/or be limited to the subject matter and material or documents identified by [State Farm] in [its] Disclosures." Dkt. 22-1 at 4. State Farm's only designated expert is a non-retained expert, Deputy Jimmy Creech. Because Deputy Creech did not, as a non-retained expert, author an expert report, this request is too broad. I will revise and grant the following: "State Farm's expert's testimony is limited to the subject matter and material or documents identified by State Farm in its Disclosures."

**No. 23.** Parker wants to prohibit discussion of any "unrelated, prior or subsequent, claims, suits, or settlements, or the amounts thereof." *Id.* at 5. State Farm insists this language prevents it from introducing evidence related to Parker's various alleged preexisting injuries. To remedy this concern, I will revise

---

[2] State Farm has conditioned its lack of opposition to a number of these items to them applying "equally to Plaintiff as to Defendant." *See* Dkt. 35 at 2–3, 8.

and grant this request as follows: "The parties are prohibited from mentioning the amount of any award or settlement Parker has obtained as a result of a previous claim or lawsuit."

**No. 28.** Parker seeks to prohibit State Farm from "inform[ing] the jury in any way or manner, either directly or indirectly, that [Parker] has objected to any discovery request, or advised any witness not to answer any particular question or line of questions." *Id.* at 6. State Farm does not take issue with that portion of the request seeking to prohibit it from mentioning that Parker has objected to any discovery request. State Farm does, however, complain bitterly that it should be able to mention that Parker asserted her Fifth Amendment rights at her deposition. To be clear, a jury is "free to draw negative inferences from the . . . repeated invocations of the Fifth Amendment." *Wilz v. Flournoy*, 228 S.W. 3d 674, 677 (Tex. 2007). I am going to deny this request. State Farm may argue that negative inferences should be drawn against Parker for asserting her Fifth Amendment privilege. *See Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976) ("[T]he Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them.").

**No. 30.** Parker asks to prohibit "[a]ny request or offer by [State Farm] to [Parker] while the jury is in the courtroom to stipulate or agree to any evidence, amount, or similar item." Dkt. 22-1 at 7. State Farm objects on two grounds. First, State Farm argues there is no legal basis to preclude it from trying to get Parker to agree to certain evidence. Second, State Farm says the phrase "or similar item" is vague. I agree with State Farm on both counts. No. 30 is denied.

**No. 32.** Parker seeks to preclude "[a]ny statements or discussions by any witness made after the accident concerning their opinions of fault." *Id.* Federal Rule of Evidence 701 expressly permits admission of lay opinions that are "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not

3

based on scientific, technical, or other specialized knowledge within the scope of Rule 702." FED. R. EVID. 701. As such, I am unwilling to prohibit all lay opinions as part of a motion in limine. That does not mean that all lay opinions will be admitted; it simply means this request is denied.

**No. 33.** Parker aims to limit State Farm from attempting "to impeach the credibility of [Parker] by reading any answer to an interrogatory that has been supplemented." Dkt. 22-1 at 7. The mere fact that an interrogatory has been supplemented does not mean that a previous interrogatory answer, especially if it is verified, cannot be utilized for impeachment purposes. *See Thomas v. Int'l Ins. Co.*, 527 S.W.2d 813, 20 (Tex. Civ. App.—Waco 1975, writ ref'd n.r.e.) (holding that one party "should have been permitted to impeach the [other party's] changed answers by a showing of the former answers, as well as the purported basis for changing the answers, just as impeachment would be proper for any other prior inconsistent statement"). Accordingly, No. 33 is denied.

**No. 34.** Parker attempts to prevent "[a]ny reference to any document in a medical record which is not a record created as part of the care and treatment of the patient." Dkt. 22-1 at 7. State Farm objects on the basis that this request is vague. Although I am not persuaded by that objection, I will nonetheless deny this request. If Parker wants to object to the introduction of medical records as exhibits for whatever reason, she is free to do so. But once exhibits are entered into evidence, they are free game, and I will not set arbitrary limits on how they can be discussed.

**No. 41.** Parker seeks to preclude any mention of her "alcohol and/or drug habits . . . since there is no allegation that . . . [Parker] was intoxicated from drugs or alcohol at the time of" the automobile accident giving rise to this suit. *Id.* at 8. But that is wrong. There is an allegation that Parker drank alcohol before getting behind the wheel on the date of the accident. In fact, Parker admitted in her interrogatory answers that she had six beers over the 12-hour period prior to the accident. *See* Dkt. 35 at 8. No. 41 is denied.

**No. 55.** Parker seeks to preclude any mention of "[w]hether or not [she] has actually paid or will actually pay any medical or health care expenses." Dkt. 22-1 at 10. As explained in connection with No. 6 above, Texas law limits a plaintiff's recovery of medical expenses to those which have been or must be paid by or for the claimant. *See Haygood*, 356 S.W.3d at 398. No. 55 is denied.

**No. 58.** Parker attempts to stop any mention of "[t]he time or circumstances under which [Parker] employed [her] attorney." Dkt. 22-1 at 11. Somewhat surprisingly to me, State Farm objects to this. I do not understand why. I am hard pressed to imagine any situation in which such evidence would be relevant in this case, especially because there is no claim for attorney's fees at this juncture. No. 58 is granted.

**No. 59.** Parker opposes any mention that she "was drinking or intoxicated on the night of the [automobile accident]." *Id.* While I certainly understand why Parker does not want the jury to hear that she was drinking on the night of the accident, such evidence is relevant to show whether she acted as a person of ordinary prudence. No. 59 is denied.

**No. 60.** Last but not least, Parker requests that no reference be made to the fact that a motion in limine has been presented to the Court. That is granted. State Farm is concerned that this request can somehow be interpreted to prevent it from commenting on Parker's invocation of a Fifth Amendment privilege against self-incrimination. Let me put that concern to rest. As already discussed, the law is clear: State Farm is entitled to argue, and the jury is free to draw, negative inferences from Parker's invocation of the Fifth Amendment.

**B.    STATE FARM'S MOTION IN LIMINE**

State Farm identifies 33 separate items that it requests Parker be prohibited from mentioning without first obtaining a ruling outside the presence of the jury. *See* Dkt. 22-2. Parker objects to only three items—Nos. 22, 27, and 29. *See* Dkt. 33 at 1. The disputed motions in limine ask that Parker be prohibited from (1) referencing her payment of insurance premiums; (2) suggesting that she was

forced or compelled to sue her insurance company; and (3) arguing that Parker's own insurance company is fighting against her or that State Farm has acted in bad faith. Parker objects to these requests on the ground that to recover in this lawsuit she "is required to demonstrate that she had a valid and enforceable agreement with her carrier and that she is filing suit in order to meet the conditions of her contract with" State Farm. *Id.* I disagree, and grant State Farm's motion in limine in its entirety.

Parker's live complaint seeks a declaratory judgment and damages for breach of contract and various extra-contractual causes of action, including violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and breach of the duty of good faith and fair dealing. At the parties' request, I previously abated Parker's extra-contractual claims.

A uninsured/underinsured motorist ("UM/UIM") insurer "is under no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and underinsured status of the other motorist." *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006). Without such judgment, "the insurer's contractual obligation to pay benefits simply does not arise." *Banda v. Allstate Prop. & Cas. Ins. Co.*, No. 4:19-cv-3418, 2020 WL 3972537, at *2 (S.D. Tex. July 14, 2020). "Neither requesting UIM benefits nor filing suit against the insurer" changes that result. *Brainard*, 216 S.W.3d at 818. The Texas Supreme Court has held that an insurer's obligation to pay UM/UIM benefits may be triggered by a declaratory judgment that the other motorist was at fault and uninsured/underinsured. *See Allstate Ins. Co. v. Irwin*, 627 S.W.3d 263, 267 (Tex. 2021) ("[A] declaratory judgment action is the appropriate remedy for determining the underlying tort issues that control the validity of an insured's UIM claim against his insurer."). Given this legal landscape, it seems to me that the only issues that must be decided at the upcoming trial are whether the other motorist was at fault and uninsured/underinsured. Only after a verdict is returned on those issues may we determine if there is any basis for a claim for contractual and extra-

contractual damages. The motion in limine topics to which Parker objects have nothing to do with the underlying issues—fault and uninsured/underinsured status of the other motorist—that will be decided at the upcoming trial of this case.

As I observed in another case:

> Given that the underlying issue of liability has not been established, [Plaintiff's] breach of contract claim is premature. *See Allstate Fire & Casualty Ins. Co. v. Rodriguez*, No. 13-18-00616, 2021 WL 3777165, at *3 (Tex. App.—Corpus Christi–Edinburg Aug. 26, 2021, no pet.) ("[A]n insured seeking to establish their entitlement to UM/UIM benefits does not have a mature breach-of-contract claim."). In other words, just as statutory claims "may be rendered moot by a determination of underlying non-liability," *In re State Farm Mut. Auto. Ins. Co.*, 629 S.W.3d 866, 876 (Tex. 2021), a breach of contract claim may be moot upon a finding of non-liability or upon payment of UM/UIM benefits to the insured. In the exercise of my discretion, I will *sua sponte* abate [Plaintiff's] breach of contract claim.

*Houston v. United Fin. Cas. Co.*, No. 3:21-cv-00367, 2023 WL 4198872, at *2 (S.D. Tex. June 27, 2023) (cleaned up). The same analysis applies here. For that reason, I abate Parker's breach of contract claim sua sponte.

## CONCLUSION

To summarize, I make the following rulings on Parker's motion in limine:

Withdrawn: Nos. 8, 27, 46, and 56.

Granted: Nos. 1–5, 7, 9–14, 15 (inserting "Federal" instead of "Texas"), 16 (as revised above), 17–22, 23 (as revised above); 24–26, 29, 31, 35–40, 42–45, 47–54, 57–58, and 60.

Denied: Nos. 6, 28, 30, 32–34, 41, 55, and 59.

As for State Farm's motion in limine, the motion is granted in its entirety. All 33 items cannot be introduced without first seeking permission to do so outside the presence of the jury.

SIGNED this 29th day of April 2024.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE